IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RUBIN MONTGOMERY,           *
                            *
    Plaintiff,              *
                            *
    v.                      *    CV 422-014
                            *
CLASSIFICATION and CHATHAM  *
COUNTY DETENTION CENTER,[1] *
                            *
    Defendants.             *

**O R D E R**

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious,

---

[1] The Clerk's Office erroneously docketed this case listing two defendants even though the Complaint clearly indicates he is suing one defendant – "Chatham County Detention Center-Classification." Nevertheless, for the sake of thoroughness, the Court will discuss "both" defendants herein.

fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I. BACKGROUND

Plaintiff was removed from protective custody in December 2020. (Doc. No. 1, at 5.) He complains that he was given no explanation for the removal. (Id.) Plaintiff later reported that several doors in his new dorm could be opened by the inmates, and he suspects that the other inmates found out he made that report. (Id.) Afterwards, he heard remarks that sounded threatening. Plaintiff sent a grievance stating that he felt unsafe, but when the officials attempted to separate the accused threatening inmate, the wrong person was removed from his dorm. (Id.) He suspects the inmate in question has "deep ties" in the city of Savannah and, after evading prison officials, spread rumors within their dorm that Plaintiff is a snitch. (Id. at 6.) Plaintiff continued to notice looks and overhear words that made him feel uncomfortable. He complained again on November 17, 2021, but he refused to report the specific names of individuals who were causing him to feel unsafe. He eventually disclosed the individuals' room numbers, and the officials "put separations on them." (Id.)

Plaintiff additionally complains about the conditions of his current dorm, including criticisms of the commissary, food, clean-up procedures, recreation limitations, and safety issues. He vaguely describes incidents of others being assaulted. (Id. at 7.) He notes that he has been denied his cane, which he was profiled for due to arthritis. (Id.) He suspects that someone is putting something nefarious in his food. (Id.) Plaintiff complains that even though there is room in another "bubble," the classification officials refuse to place him there.

On March 21, 2022, Plaintiff drafted a letter informing the Court that he had been released from jail. The Clerk docketed the letter on April 1, 2022. (Doc. No. 7.) Plaintiff followed up on April 26, 2022. (Doc. No. 8.)

## II.   LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell

3

v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v.

4

Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

In his Complaint, Plaintiff named the "Chatham County Detention Center-Classification" as the Defendant. The Clerk construed this as two individual defendants, but in any event, neither are appropriately named. The Chatham County Detention Center is not an entity subject to suit. See Johnson v. Benton, 2021 WL 6750967, at *2 (S.D. Ga. Dec. 20, 2021) (citing Jamelson v. Unnamed Defendant, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017)); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Nor is "Classification" (see doc. no. 1, at 4) an appropriate party. Appropriate parties for suit under Section 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability).

Moreover, amendment to state an appropriate defendant would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . ."). To state a Section 1983 claim, a plaintiff must at least allege some violation

of the Constitution. 42 U.S.C. § 1983 (making it unlawful for a state actor to deprive persons of "any rights, privileges, or immunities secured by the Constitution and laws"). Here, rather than allege a constitutional violation, Plaintiff requests compensation for the mental anguish which accompanied his prison stay. (Doc. No. 1, at 9.)

However, even if prison conditions are "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state an Eighth Amendment claim of unlawful prison conditions, a prisoner "must show that a condition of his confinement pose[s] an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). The prisoner must also show that the defendant prison officials subjectively acted with "deliberate indifference" with regard to the conditions at issue. Id. Conditions are objectively serious or extreme if they amount to deprivation of "minimal civilized measure of life's necessities" or "the basic human needs." Rhodes, 452 U.S. at 347.

It is doubtful whether Plaintiff has stated a claim of unreasonable risk of harm. He does not describe specific threats or explicitly name incidents of specific risk, but rather suggests that there was an atmosphere of danger within the prison. Moreover, though he lists some criticisms regarding food,

6

sanitation, recreation, and his need for a cane, these unsubstantiated claims do not rise to the level of a constitutional violation. "[T]he Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." Id.

Next, Plaintiff has not alleged that any official was deliberately indifferent. Plaintiff indicated that officers attempted to transfer problematic inmates out of the cell. Though Plaintiff believes that an inmate has evaded detection of those officials, this allegation does not state a claim against any state actor. Ultimately, an official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

Moreover, to the extent Plaintiff alleges that Defendants failed to protect him from a serious risk of prisoner violence in violation of the Eighth Amendment, this claim also fails. In asserting a failure-to-protect claim, a prisoner must advance factual allegations sufficient to support the inference that the responsible prison official intended that he be harmed or was at least consciously indifferent to the prisoner's safety. Farmer, 511 U.S. at 834; Chandler, 379 F.3d at 1289. Plaintiff does not

7

provide any facts suggesting such an inference should be made. C.f., Jones v. St. Lawrence, 2008 WL 5142396, at *5 (S.D. Ga. Dec. 5, 2008) (collecting failure to protect cases and holding that where an official "incited" inmates to harm plaintiff, "knowing" the action would harm him, the plaintiff stated an Eighth Amendment claim).

Finally, inmates have no protected liberty interest in a particular custody classification. See Meachum v. Fano, 427 U.S. 215, 223-25, (1976) (explaining that "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that Congress has given prison officials full discretion to control conditions of confinement, including prisoner classification). Consequently, prison officials may assign inmates to any security classification level they choose without necessarily violating any constitutional right of the inmates. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum, 427 U.S. at 224; Hewitt v. Helms, 459 U.S. 460 (1983) modified on other grounds, Sandin v. Conner, 515 U.S. 472, 481 (1995); see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) (in the context of a claim based on a custody classification, holding that the U.S. Constitution affords no liberty interest in a prisoner's custody classification). Given that Plaintiff failed to allege facts consistent with a constitutional violation,

amendment of his Complaint would be futile. His Complaint is properly dismissed instead.

### IV. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE